IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CLOVIS L. PRINCE, ET AL., | § | Case No. 09-43627 |
| | § | (Chapter 7) |
| Debtors. | § | (Jointly Administered) |
| | § | |
| CLOVIS L. PRINCE, and TAMIKA RENFROW, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 15-4010 |
| | § | |
| MICHELLE CHOW, INDIVIDUALLY AND AS CHAPTER 7 TRUSTEE, LARRY LEVICK, TODD HOODENPYLE, and WAYNE STONE, et al., | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER
## DENYING CLOVIS PRINCE'S MOTION FOR RECUSAL

On March 9, 2016, Clovis Prince, acting *pro se*, filed a motion for recusal under 28 U.S.C. §455.[1]  Prince challenges the impartiality of the undersigned bankruptcy judge and charges her with bias based on her adverse rulings in connection with various matters.  In his motion, Prince requests that the undersigned bankruptcy judge recuse herself from deciding his pending request to proceed with an appeal of the dismissal of this adversary proceeding *in forma pauperis*, because he believes she is predisposed to deny it.

---

[1] Prince also cites 28 U.S.C. §144 in his motion.  However, there is a "substantial body of case law holding that §144 applies only to district court judges and does not govern motions for recusal of a bankruptcy judge."  *See, e.g., In re Haas,* 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003) (citing cases).  Even if §144 applied in this case, §144 requires disqualification for "personal bias or prejudice" and, since the United States Supreme Court has acknowledged that the language of §144 is "entirely duplicated" in § 455(b)(1), *Liteky v. United States,* 510 U.S. 540, 548 (1994), the same result would occur under a §144 analysis.

1

The defendants object to Prince's motion. On March 29, 2016, Prince filed a reply to the objection. In his reply, Prince alleges that the undersigned bankruptcy judge is biased against him, because (among other things) she ruled that he did not have standing in an earlier adversary proceeding in which the bankruptcy trustee sought to avoid as fraudulent the transfer of certain real property to a trust called the Clovis L. Prince, Katherine M. Robinson and Tamika D. Prince Trust (the "Trust"). He also complains that her decision granting summary judgment for the bankruptcy trustee in that proceeding relied upon perjury by counsel for the bankruptcy trustee.

A motion to disqualify can be validly decided by the judge whose impartiality is being questioned without placing such judge in an adversarial position with the moving party. A challenged judge can herself decide whether the claim asserted is within §455. If she decides that it is, then a disinterested judge must decide what the facts are. *See, e.g., Levitt v. University of Texas*, 847 F.2d 221, 226 (5th Cir. 1988).

"One of the fundamental rights of a litigant under our judicial system is that he is entitled to a fair trial in a fair tribunal, and that fairness requires an absence of actual bias or prejudice in the trial of the case." *United States v. Wade*, 931 F.2d 300, 304 (5th Cir. 1991) (quoting *United States v. Brown*, 539 F.2d 467, 469 (5th Cir. 1976)). "The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995). In order to achieve those objectives, Congress enacted 28 U.S.C. §455.

Section 455(a) requires a judge to be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned."[2]  The United States Supreme Court has described the standard by which recusal is judged under this subsection as whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.  *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860-61 (1988).  "In conducting this review, we must ask how these facts would appear to a 'well-informed, thoughtful and objective observer, rather than the hyper-sensitive, cynical, and suspicious person.'"  *Sensley v. Albritton* , 385 F.3d 591, 599 (5th Cir. 2004) (citing *Jordan,* 49 F.3d at 156).

Section 455(b) serves as the "catch-all recusal provision, covering both interest and relationship and bias and prejudice grounds."  *Liteky v. United States,* 510 U.S. 540, 548 (1994).  Specifically in this dispute, Prince appears to argue that §455(b)(1) mandates recusal because the undersigned bankruptcy judge allegedly has a "personal bias or prejudice" against him.  However, §455(b)(1) requires Prince to establish the existence of actual bias on the part of the judge and not just an appearance of impropriety.[3]  Prince must submit compelling evidence with his motion, "and the issue is whether a reasonable person would be convinced the judge was biased.  The bias or prejudice must be grounded in some personal animus or malice that the judge harbors ... of a kind that a fair-minded person could

---

[2] *See also* FED. R. BANKR. P. 5004(a), which incorporates 28 U.S.C. §455 as the governing statute for disqualification of a bankruptcy judge.

[3] "A motion for disqualification does not confer upon [movants] a right to make a record in open court nor does it confer upon them a right to an evidentiary hearing. ...  Motions for disqualification are typically decided on the documents submitted to the Court."  *Lieb v. Tillman (In re Lieb)*, 112 B.R. 830, 835-36 (Bankr. W.D. Tex. 1990).

not entirely set aside when judging certain persons or causes." *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002).

"[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum,* 409 U.S. 824, 837 (1972). In making this evaluation, "[c]ourts should take special care in reviewing recusal claims so as to prevent parties from abusing §455 for a dilatory and litigious purpose based on little or no substantiated basis." *Sensley,* 385 F.3d at 598.

It is important to note that "judicial rulings alone almost never constitute a valid basis" for finding bias or partiality. *Liteky,* 510 U.S. at 555 (citation omitted). As the Fifth Circuit observed:

> The Supreme Court has held that judicial rulings, in and of themselves, can only in the rarest circumstances evidence the degree of favoritism or antagonism required to warrant recusal. Moreover, the opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . .[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, [ ] are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Test Masters Educ. Svcs., Inc. v. Singh*, 428 F.3d 559, 581 (5th Cir. 2005) (citing *Liteky,* 510 U.S. at 555-56).

Here, Prince's motion falls woefully short of establishing a claim for disqualification under §455. There has been contentious litigation in and relating to the underlying

4

bankruptcy cases. In the adversary proceeding seeking avoidance of fraudulent transfers to the Trust, this Court determined that Prince, individually, was not a party. Prince filed numerous motions and complaints about the Court's decision granting partial summary judgment for the trustee as well as numerous motions requesting the Court to reconsider its ruling. Prince appealed, and the Eastern District Court and the Fifth Circuit affirmed the Court's decision. More recently, Prince initiated several collateral attacks on this Court's decision, alleging that counsel for the bankruptcy trustee committed perjury in his characterization of documents filed by Prince (as a self-styled "intervenor") in opposition to the bankruptcy trustee's motion for summary judgment.

In order to decide the disputes placed before her, the undersigned bankruptcy judge has evaluated the standing of the parties, or the lack thereof, as well as the evidence presented, and the decisions regarding those disputes were based upon her interpretation of the evidence and arguments presented to her in her judicial capacity. Hence, they cannot be properly characterized as rising from any extrajudicial source. As the United States Supreme Court recognized in *Liteky*,

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were *properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.* As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings.* It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

5

*Liteky*, 510 U.S. at 550-551 (citations omitted) (emphasis added).

Here, Prince's motion wholly fails to allege any facts from which a well-informed and objective person would deduce and harbor doubts concerning the undersigned judge's impartiality. This objective standard cannot be satisfied by mere speculation about a judge's state of mind. Without more objective manifestations of the alleged partiality — and adverse rulings alone cannot be so characterized — no reasonable person would conclude that the undersigned judge should disqualify herself from the case. Indeed, she has "a concomitant duty not to recuse on unsupported, irrational or tenuous speculation." *Fureigh v. Haney (In re Haney)*, 238 B.R. 427, 429 (Bankr. E.D. Ark. 1999) (citing *United States v. Temple*, 162 F.3d 279 (4th Cir. 1998)).

Thus, under the motion presented, recusal from any aspect of the underlying bankruptcy cases or related adversary proceedings is neither necessary nor warranted under applicable law. As he has done, Prince must avail himself of his appellate rights in order to seek reversal of any bankruptcy court decision that Prince believes is erroneous. However, he cannot be permitted to use the disqualification statute to manipulate the system for strategic purposes — including the unspoken goal of obtaining a new judge that he might believe would render decisions more to his liking. *See In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989). Accordingly, the Court finds that just cause exists for entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion for Recusal filed by Clovis Prince on March 9, 2016, is **DENIED**.

Signed on 4/6/2016

/s/ Brenda T. Rhoades                SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE